UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
**PEORIA DIVISION**

```
LARRY LITTLE,                         )
                                      )
        Plaintiff,                    )
                                      )
    v.                                )    No. 04-1034
                                      )
MITSUBISHI MOTOR MANUFACTURING        )
OF AMERICA, INC.,                     )
                                      )
        Defendant.                    )
```

## **ORDER**

Before the Court is Defendant, Mitsubishi Motor Manufacturing of America, Inc.'s ("MMNA") Motion for Leave to File Under Seal its Motion for Summary Judgment and supporting exhibits [Doc. #80]; and Plaintiff, Larry Little's ("Little") Motion to Allow Use of Designated Material Without Redaction or Other Protective Measures [Doc. #76].  For the reasons that follow, MMNA's motion will be granted in part and denied in part; while, Little's motion will be denied.

In support of its Motion for Leave to File Under Seal, MMNA directs this Court to the Protective Order issued by Magistrate Judge Byron G. Cudmore in the instant case on September 23, 2004 [Doc. #21], and later amended by Text Order on September 22, 2005.  See [Doc. #63].  In issuing the Protective Order in question, Judge Cudmore pointed out that "[t]he Court [was] tak[ing] into account the desires of the parties to permit

discovery in this case to proceed unimpeded to the fullest extent consistent with the applicable discovery rules, while avoiding unnecessary disputes over the confidential nature of information provided in response to discovery requests." [Doc. #21, pg. 2]. With this purpose in mind, Judge Cudmore concluded that a protectable interest existed in "MMNA's internal procedures and employee records," making it "confidential information" not subject to public disclosure. See [Doc. #21, pg. 2].

MMNA, however, now intends to rely on the same information that it has requested the Court to deem "confidential" in support of its motion for summary judgment. In doing so, MMNA seeks leave of court to file under seal its entire motion along with numerous attached exhibits. This, however, the Court cannot permit.

Rule 26(c) of the Federal Rules of Civil Procedure authorizes a district court upon a showing of "good cause" to enter an order to protect a party or nonparty from coercive discovery that may lead to "annoyance, embarrassment, oppression, or undue burden or expense, including . . . that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a designated way." Fed. R. Civ. P. 26(c)(7). "Although the Rule contains no specific reference to privacy or to other rights or

2

interests that may be implicated," the Supreme Court has held that "such matters are implicit in the broad purpose and language of the Rule." Seattle Times Co. v. Rhinehart, 467 U.S. 20, 35 n21 (7th Cir. 1984).

However, "the concerns that underlie Rule 26(c) -- namely protection from *involuntary disclosure* by a party or person 'from whom discovery is sought'" -- are of no implication here. In re Cont'l Illinois Sec. Litig., 732 F.2d 1302, 1310 (7th Cir. 1984) (emphasis added). "[T]his is not a case in which the *recipient* of protected discovery material introduced it into evidence;" rather, the so-called "confidential information" contained in MMNA's motion for summary judgment and attached exhibits is being "voluntarily offered into evidence by a party whose possession of the information in no way depended on use of court process." Id. at 1311-12 (emphasis in original). Thus, MMNA cannot simply rely on the Protective Order alone to justify filling under seal its entire motion for summary judgment; this in essence would be like MMNA asking this Court to protect it from itself.

Furthermore, while recognizing that blanket protective orders are invalid, the Seventh Circuit in Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co., 178 F.3d 946 (7th Cir. 1999), nevertheless concluded that a court need not determine "good cause" on a "document-by-document basis" as long as the

parties are acting in "good faith" in deciding which parts of the record should be deemed confidential. Id. at 945-46. In reaching this conclusion, the Seventh Circuit reasoned that requiring a court to make multiple "good cause" determinations during pretrial discovery "might impose an excessive burden on the district judge or magistrate judge[,]" especially in cases were there are thousands of documents to be reviewed. Id. at 946.

But, just because information or a document has been deemed provisionally confidential to simplify discovery does not necessarily mean that it will be deemed confidential forever. See Baxter Int'l, Inc. v. Abbott Labs., 297 F.3d 544, 547 (7th Cir. 2002); Union Oil Co. v. Leavell, 220 F.3d 562, 568 (7th Cir. 2000). "Rule 26(c) protective orders control discovery of materials, not introduction of material into evidence." In re Cont'l Illinois Sec. Litig., 732 F.2d at 1310. As a result, the ordinary showing of "good cause" which is adequate to protect discovery material from public disclosure cannot alone justify protecting such material after relied upon by the parties to advance their arguments and claims in court. See Poliquin v. Garden Way, 989 F.2d 527, 533 (1st Cir. 1993).

Therefore, if MMNA believed that the Protective Order in question would allow it to file under seal all information or documents previously designated "confidential" by the parties

4

during pretrial discovery, even after introduced into evidence in a dispositive motion for summary judgment, that belief was misguided. See In re Cont'l Illinois Sec. Litig., 732 F.2d at 1311. Although the Protective Order does instruct the parties to "take whatever steps are necessary to eliminate or minimize the risk of public disclosure" to "confidential information" submitted to the Court, see [Doc. #21, pg. 11], it does not grant the parties an automatic right to have all such material in support of a motion for summary judgment filed under seal. In fact, the Seventh Circuit has previously held that protective orders that purport to seal documents beyond the pretrial discovery phase are indeed invalid. See Citizens First Nat'l Bank, 178 F.3d at 945 (citing Seattle Times Co., 467 U.S. at 36-37 (holding that Rule 26(c) protective orders should be "limited to the context of pretrial civil discovery")).

Nevertheless, the Protective Order issued by Judge Cudmore clearly states that "[t]he Court may, at a later date in its discretion, order certain information filed by the parties under seal to be made public and part of the judicial record." [Doc. #21, pgs. 2-3]. Therefore, to the extent that the Protective Order can in anyway be construed to allow the parties to file under seal all information previously designated confidential, this Court invokes its discretionary power to order that certain

of the so-called "confidential information" be made public and part of the judicial record as discussed below.

This is because unlike mere discovery materials, there is a "long-recognized presumption in favor of public access to judicial records . . . ." In re Cont'l Illinois Sec. Litig., 732 F.2d at 1308 (reiterating that the public's right of access to judicial records is of a constitutional magnitude and is fundamental to a democratic state); see also Citizens First Nat'l Bank, 178 F.3d at 945 (explaining that "there is no tradition of public access to discovery materials"). As the Seventh Circuit has recently reiterated:

> What happens in the federal courts is presumptively open to public scrutiny. Judges deliberate in private but issue public decisions after public arguments based on public records. The political branches of government claim legitimacy by election, judges by reason. Any step that withdraws an element of the judicial process from public view makes the ensuing decision look more like fiat and requires rigorous justification.

Hicklin Eng'g, L.C. v. Bartell, 439 F.3d 346, 348 (7th Cir. 2006). Therefore, "[s]ecrecy is fine at the discovery stage, before the material enters the judicial record[;]" but, once discovery material (whether previously deemed confidential or not) is filed with the court and becomes the basis of judicial action, it is normally a matter of public concern to be placed in the public record and subject to public scrutiny. See Baxter Int'l, Inc., 297 F.3d at 545-46; Union Oil Co., 220 F.3d at 568.

6

This is not to say, however, that the presumption of public access to judicial records is absolute. See Jessup v. Luther, 277 F.3d 926, 928 (7th Cir. 2002). But, "very few categories of documents are kept confidential once their bearing on the merits of a suit has been revealed." Baxter Int'l, 297 F.3d at 545-46. This, the Seventh Circuit has made clear by "insist[ing] that litigation be conducted in public to the maximum extent consistent with respecting trade secrets, the identities of undercover agents, and other facts that should be held in confidence." Bartell, 439 F.3d at 348.

As a result, protective orders that were appropriate during pretrial discovery may no longer be appropriate at the summary judgment stage. See Baxter Int'l, 297 F.3d at 545-46. Thus, when a party seeks leave of court to file under seal a motion for summary judgment, this Court must conduct an independent review of the litigant's claim to secrecy. See id.

Here, MMNA alleges in its Motion for Leave to File under Seal that it intends to refer to certain "confidential information" in its motion for summary judgment and attached exhibits – mostly, "private, personal information of current and former MMNA employees[.]" [Doc. #80, ¶ 3]. Such information is often construed by courts to fall within the realm of "other facts that should be held in confidence" -- at least as it applies to nonparty employees. See Smith v. City of Chicago,

No. 04-C-2710, 2005 U.S. Dist. LEXIS 26454, at *4-5 (N.D. Ill. Oct. 31, 2005).

Thus, to the extent that MMNA's motion for summary judgment and attached exhibits reveal private information regarding the personnel files of nonparty employees, this Court will continue to protect this information from public disclosure.  However, the Court points out that not all information in an employee's personnel file is considered private.  Id.  Indeed, there is nothing confidential about an employee's job title, job description, hiring date, or work assignment and location.  Id.

More importantly, MMNA is not simply asking this Court to redact private information contained in the personnel files of nonparty employees; instead, it is seeking permission to file under seal and away from the public's view its entire motion for summary judgment along with 79 voluminous exhibits.  However, "[t]o say that particular *information* is confidential is not to say that the entire document containing that information is confidential."  Methodist Hosps. v. Sullivan, 91 F.3d 1026, 1032 (7th Cir. 1996) (emphasis in original).  In fact, the Seventh Circuit has recently emphasized that "litigants' briefs must be in the public record, if necessary in parallel versions--one full version containing all details, and another redacted version with confidential information omitted." Bartell, 439 F.3d at 348.

Having said this, all that would be required to protect the privacy interest of MMNA's nonparty employees is the redaction of their names and any other identifying factors (e.g. social security numbers, phone numbers, addresses, and etc...).  See Citizens First Nat'l Bank, 178 F.3d at 945 (stating that "a document that contains [confidential information] may also contain material that is not [confidential], in which case all that would be required to protect a party's interest in [confidentiality] would be redaction of portions of the document").

As such, MMNA is ordered to redact the names and identifying factors of nonparty employees from its motion for summary judgment and attached exhibits.  The Court further orders MMNA to replace the redacted names in its motion for summary judgment and exhibit #9 attached thereto, with a code number (e.g. "Employee 1", "Employee 2", and etc...).[1]  See Smith, 2005 U.S. Dist. LEXIS 26454, at *4-5 (holding that "[t]he identities of nonparties can be protected by referencing them by code number rather than name in any court filing or pleading").  MMNA shall then submit to the Court a list of the redacted names along with their corresponding code numbers within 21 days from

---

[1]  To be clear, MMNA need only code the names of nonparty employees contained in its motion for summary judgment and exhibit #9.  All other exhibits attached to the motion need only be redacted as described herein.

9

the date of this order and move to have the list filed under seal.

In addition, MMNA will also have 21 days from the date of this order to file the coded version of its motion for summary judgment along with the newly redacted exhibits. This modified version of MMNA's motion for summary judgment and attached exhibits will be placed in the public record. In the mean time, the clerk of the court shall file under seal MMNA's unmodified version of its motion for summary judgment and supporting exhibits, which is attached to its Motion for Leave to File Under Seal as exhibit #5.

Finally, the Court is unpersuaded by Little's argument that he should be allowed to file *all* materials produced during discovery without redaction or any other protective measures both in response to MMNA's motion for summary judgment and at trial. The same procedures described above shall apply not only to MMNA's motion for summary judgment and supporting exhibits, but all further documents filed with this Court. Thus, in his response to MMNA's motion for summary judgment, Little shall refer to nonparty employees by the code numbers outlined in MMNA's list to be filed under seal within 21 days of the date of this order. Furthermore, Little shall omit from his response all other identifying factors and redact all such information from any exhibits attached thereto.

Although the coded version of MMNA's motion for summary judgment is not due until 21 days from the date of this order, nothing prevents Little from immediately using the full, unredacted version of MMNA's motion to prepare his response. However, to give Little additional time to match up the names of nonparty employees to their appropriate code numbers, his response to MMNA's motion for summary judgment will not be due until 10 days after the coded list is filed under seal with this Court.

IT IS THEREFORE ORDERED that MMNA's Motion for Leave to File Under Seal its Motion for Summary Judgment and supporting exhibits [Doc. #80] is GRANTED IN PART and DENIED IN PART consistent with the discussion above.

IT IS FURTHER ORDERED that Little's Motion to Allow Use of Designated Material Without Redaction or Other Protective Measures [Doc. #76] is DENIED.

Entered this  5th  day of June, 2006.

         /s/ Joe B. McDade
            Joe Billy McDade
       United States District Judge