IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| LARRY LITTLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 04-1034 |
| | ) | |
| MITSUBISHI MOTORS NORTH AMERICA, INC., | ) | Judge Joe Billy McDade |
| | ) | |
| Defendant. | ) | |

**COMBINED MEMORANDUM IN OPPOSITION TO
LITTLE'S TWO PENDING MOTIONS WITH RESPECT
TO MODIFICATION OF THE RECORD ON APPEAL**

Defendant Mitsubishi Motors North America, Inc. ("MMNA") submits the following combined memorandum in opposition to two of the pending motions filed by Plaintiff Larry Little ("Little") with respect to modification of the record on appeal, namely the March 15, 2007 Motion To Reconsider Modification Of Record On Appeal and the March 16, 2007 Motion For Modification Of Record On Appeal:

I.   **INTRODUCTION**

On March 9, 2007, this Court denied the motion Little filed on March 7, 2007, seeking modification of the record on appeal. In that ruling, the Court noted that Little had not offered any proof that the Court had erred in failing to include documents MMNA 05438-40, MMNA 06527, MMNA 05472 and excerpts of Employee No. 93's deposition in the record.

On March 15, 2007, Little filed a motion seeking reconsideration of the Court's March 9, 2007 Order. Moreover, Little again moved on March 16, 2007 for a modification of the record on appeal, seeking to include MMNA 16624. Both motions, however, are deficient for nearly identical reasons.

First, both motions are an attempt to misuse Rule 10(e) of the Federal Rules of Appellate Procedure in order to add evidence to the appellate record that was never presented to this Court. The intent of Rule 10(e) is to ensure that an accurate record of the proceedings in the trial court is conveyed to the appellate court and to provide for the addition to the record of any documents that were omitted by mistake or error. Rule 10(e), however, does not allow a party to introduce evidence to the appellate court that was not presented to the trial court, and the requirements of Rule 10(e), which Little ignores, are well-established.

Second, both motions fail to provide any facts or evidence that this Court erred in not including Little's documents in the record. To the contrary, the record is very clear that these documents were not presented to the district court and, therefore, do not belong in the record on appeal.

Finally, Little's "interpretation" of Footnote Nos. 4 and 7 in the Court's February 2, 2007 Opinion And Order utterly misconstrues what the Court actually said. It also ignores the reasons why MMNA addressed Little's history in its opening memorandum on summary judgment, an issue address more fully below.

In sum, Little has provided no reason why the foregoing documents should be added to the record. Furthermore, Little's March 7, 2007 Motion For Modification Of Record On Appeal was properly denied by the Court, and Little has not given this Court any reason to reexamine that decision. Therefore, MMNA respectfully requests that the Court deny both of Little's pending motions with respect to the record on appeal.

## II.   FACTUAL BACKGROUND

In its February 2, 2007 Opinion And Order, this Court granted MMNA's motion for summary judgment. See Feb. 2, 2007 Opinion And Order, Ex. 1 hereto. Little filed a notice of appeal on March 1, 2007. See Little's March 1, 2007 Notice of Appeal, Ex. 2 hereto.

Shortly after filing his Notice of Appeal, Little filed a Motion For Modification Of Record On Appeal.  See Little's March 7, 2007 Motion For Modification Of Record On Appeal. In that motion, Little sought to add to the record on appeal five (5) additional documents, namely Bates Nos. MMNA 05438-40, MMNA 06527, MMNA 05472 and an excerpt from Employee No. 93's deposition.  See id.  None of these documents, however, had been previously presented to the district court by Little or MMNA.  See disc. infra at 5-7.

On March 8, 2007, this Court denied Little's motion and noted that Little had not stated "how this Court erred in failing to include these documents in the record."  See March 8, 2007 Order, Ex. 3 hereto.  Ostensibly in an attempt to cure the defect noted by the Court in its March 9, 2007 Order, Little filed on March 15, 2007 a Motion To Reconsider Modification Of Record On Appeal.  See Little's March 15, 2007 Motion To Reconsider Modification Of Record On Appeal.  In that motion, Little claimed that the district court erred in granting summary judgment because it supposedly made a credibility determination in favor of MMNA and that some documents should be added to the appellate record because they support this allegation by Little. See id. at 2-3.

The very next day, Little filed yet another motion for modification of the record on appeal, seeking to include one (1) additional document, namely Bates No. MMNA 16624.  See Little's March 16, 2007 Motion For Modification Of Record On Appeal.  This document was also not presented to the district court, and Little admits as much in his motion.  See Little's March 16, 2007 Motion For Modification of Record on Appeal at 1 ("Document # MMNA 16624 . . . should have been presented by plaintiff's counsel . . .").  Little's March 16, 2007 motion, however, again fails to allege any facts or evidence that this Court erred in not including Little's documents in the record.  See id.; see also Fed. R. App. P. 10(e).

3

### III.     APPLICABLE LAW

Federal Rule of Appellate Procedure 10(e) allows for the correction or modification of the appellate record if material information "is omitted from or misstated in the record by error or accident." Fed. R. App. P. 10(e). The party requesting correction or modification, however, must demonstrate that the supplemental evidence was actually before the district court during the proceedings leading to the judgment being reviewed on appeal, but was left out of the record through some form of mistake. See Xiao v. Continuum Health Partners, Inc., 54 Fed. R. Serv. 3d (Callaghan) 1050 at 3 (S.D. N.Y. 2002); see also Flood v. Waste Management, Inc., Case No. 87 C 4643, 1992 U.S. Dist. LEXIS 320, at * 3-4 (N.D. Ill. Jan. 10, 1992), Ex. 4 hereto (holding that some deposition transcripts were clearly omitted from the record in error and could be added; however, other deposition transcripts were never before the district court and could, therefore, not be added to the appellate record).

Similarly, the Seventh Circuit has consistently held that "[t]he purpose of Rule 10(e) is to ensure that the court on appeal has a complete record of the proceedings leading to the ruling appealed from, not to facilitate collateral attacks on the verdict." United States v. Hillsberg, 812 F. 2d 328, 336 (7th Cir. 1987). Further, courts have been clear that Rule 10(e) does not allow for the admission of any document which was not part of the record in the district court. See id. (quoting Borden Inc. v. Federal Trade Comm'n, 495 F. 2d 785, 788 (7th Cir. 1974)) ("Rule 10(e) does not give this court authority to admit on appeal any document which was not made a part of the record in the district court."); see also Henn v. National Geographic Soc., 819 F. 2d 824, 831 (7th Cir. 1987) ("The parties may rely on appeal only on materials furnished to the district judge."). Rule 10(e) should only be used to guarantee that the record on appeal reflects the occurrences in the lower court; it should not be used "to enable the losing party to add new

material to the record in order to collaterally attack the trial court's judgment." <u>United States v. Elizalde-Adame</u>, 262 F. 3d 637, 641 (7th Cir. 2001).

## IV.   ARGUMENT

### A.   Little Seeks To Modify The Record With Improper Documents

Little should not be permitted to supplement the appellate record with documents that were not made part of the record before this Court. See <u>Hillsberg</u>, 812 F. 2d at 336; see also <u>United States ex re. Kellogg v. McBee</u>, 452 F. 2d 134, 137 (7th Cir. 1971) ("We do not think Rule 10(e) of the Federal Rules of Appellate Procedure gives us the authority to admit on appeal a document, file or series of papers which neither were introduced into evidence nor, in any manner, made a part of the record in the District Court."). To introduce such documents for the first time on appeal would "deprive [MMNA] of an opportunity to comment on them and the district judge of an opportunity to evaluate their significance." <u>Henn</u>, 819 F. 2d at 831.

None of the documents Little seeks to include in the appellate record were presented to this Court. Little tacitly admits in his Motion for Reconsideration that MMNA 05438-40, MMNA 06527, MMNA 05472 and the deposition excerpt were never before the district court. He simply states that these documents would support one of his several theories. See Little's March 15, 2007 Motion To Reconsider Modification Of Record On Appeal at 3.

Rule 10(e), however, does not allow for supplementation of the record with additional documentation simply because a party would like to further support his theories on appeal. <u>See, e.g.</u>, <u>Elizalde-Adame</u>, 262 F. 3d at 640-641 (holding the court could not consider the defendant's arguments that relied on evidence that was not submitted to the district court). In fact, courts have so strictly adhered to the principle that evidence which was not before the district court cannot be part of the appellate record that at least one court even declined to supplement the record with documents which were referenced in summary judgment briefs but not included as

exhibits. See Flood v. Waste Management, Inc., Case No. 87 C 4643, 1992 U.S. Dist. LEXIS 320, at *2-4 (N.D. Ill. Jan. 10, 1992), Ex. 4 hereto.

Little also admits in his March 16 Motion For Modification Of Record On Appeal that MMNA 16624 was not presented to the district court. Little states that this document "should have been presented by plaintiff's counsel;" this naturally leads to the conclusion that it was not presented to this Court. See Little's March 16, 2007 Motion For Modification of Record On Appeal at 1. Little, however, cannot supplement the record simply by alleging that his trial counsel was ineffective. See, e.g., Xiao v. Continuum Health Partners, Inc., 54 Fed. R. Serv. 3d (Callaghan) 1050 at pages 6-8 (S.D. N.Y. 2002) (holding that a *pro se* plaintiff could not modify the appellate record because his trial counsel failed to include what the appellant considered critical evidence); see also United States v. Banks, 405 F.3d 559, 567 (7th Cir. 2005) (refusing, on appeal, to consider evidence not before the district court despite appellant's claim of ineffective assistance of counsel). None of the documents with which Little seeks to supplement the record were furnished to the district judge. As such, they should not be part of the record on appeal.

Further, Little's purpose in seeking to include several of the documents is only to "collaterally attack the trial court's judgment." See Elizalde-Adame, 262 F. 3d at 641. This is also not a permissible. See id.; see also Fed. R. App. P. 10(e). In his Motion To Reconsider Modification Of Record On Appeal, Little argues that the trial court made an impermissible character determination and that documents MMNA 05472, MMNA 06527 and the deposition excerpts of Employee No. 93 will somehow "support his appeal of the court's improper credibility determination." See Little's March 15, 2007 Motion To Reconsider Modification Of Record On Appeal at 3. The job of an appellate court, however, is to evaluate the soundness of

the trial court's decision based on the evidence that was considered by the trial court. See Elizalde-Adame, 262 F. 3d at 641. An accurate record of the evidence that was before the trial court, and only the evidence which was before the trial court, is critical to enable the appellate court to make this evaluation. See id. Little's only purpose in trying to include MMNA 05472, MMNA 06527 and excerpts of Employee No. 93's deposition is to attack the judgment of the trial court with documents that were not ever provided to the trial court. See id.; see also Flood v. Waste Management, Inc., Case No. 87 C 4643, 1992 U.S. Dist. LEXIS 320, at * 3 (N.D. Ill. Jan. 10, 1992), Ex. 4 hereto.

### B. Little's Motions Do Not Point To Any Error Made By This Court

Little has not shown and cannot show that the Court erred in excluding the foregoing documents from the record. But see Fed. R. App. P. 10(e). For that reason alone, the motions should be denied. See id.

#### 1. Little's Motion For Reconsideration

On March 8, 2007, the Court denied Little's March 7, 2007 Motion for Modification of the Record, because Little did not "state how [the] Court erred in failing to include these documents in the record or why it is necessary to include these documents in [the] already voluminous record." March 8, 2007 Order, Ex. 3 hereto. Little's current motion likewise fails to demonstrate how the Court erred by not including these documents in the record. See Little's March 15, 2007 Motion To Reconsider Modification Of Record On Appeal. Instead, Little points to a supposed error in the Court's reasoning in its February 2, 2007 Opinion And Order on MMNA's motion for summary judgment. See id. at 1-2. Little claims that at least some of these

documents somehow support this claim of error, and he urges the Court to include them in the record.[1]  See id. at 3.

### 2. Little's Claims With Respect To The February 2, 2007 Opinion And Order Are Fundamentally Flawed

There are several problems with Little's claims.  First, Little is required under Federal Rule of Appellate Procedure 10(e) to show that an error or mistake caused the document or documents to be excluded from or misstated in the record.  See Fed. R. App. P. 10(e).  It is not sufficient to show that the court made an error in its substantive holding or that the documents would support that error.  See Elizalde-Adame, 262 F. 3d at 640-641.

Second, the "error" which Little cites is based on a serious misinterpretation of the Court's prior ruling.  Little claims that the Court made an inappropriate determination in Footnote No. 7 of its Opinion when it stated that Little did not put forth evidence that MMNA's decisions in his RIF Evaluation were arbitrary due to MMNA's failure to investigate more thoroughly.  See Feb. 2, 2007 Opinion And Order at 24, Ex. 1 hereto.  Little then accuses the Court of making a credibility determination and determining that "MMNA had correctly evaluated Little."  See Little's March 15, 2007 Motion to Reconsider Modification of Record on Appeal at 2.  This, however, is a misreading of the Court's opinion.  The Court did not determine that Little had been properly evaluated; rather, the Court simply stated that Little had not met his burden of showing he had been improperly evaluated.  See Feb. 2, 2007 Opinion And Order at

---

[1]  Little states that MMNA 05472, MMNA 06527 and excerpts of Employee No. 93's deposition would support this claim of error.  See Little's March 15, 2007 Motion To Reconsider Modification Of Record On Appeal at 3.  All other documents (i.e., MMNA 05438-40) are only requested to be added as additional evidence to support Little's Material Fact No. 47.  Since MMNA 005438-40 were not in evidence before the district court, however, it would be improper to include them now.  See disc. supra at 5-7.

24 n.7, Ex. 1 hereto. The Court only noted the existence of the evidence and Little's failure to meet his burden. See id.

### 3. Little Ignores The Context In Which His Prior Complaints Were Relevant

Little also completely misreads Footnote No. 7 in the Court's February 2, 2007 Opinion And Order and states that a "credibility determination" was made in violation of the Court's own Footnote No. 4. See Little's March 15, 2007 Motion to Reconsider Modification of Record on Appeal at 1. In Footnote No. 4, the Court noted that a credibility determination based on Little's constant complaints of racism would be inappropriate at the summary judgment stage. See Feb. 2, 2007 Opinion And Order at 8 n.4, Ex. 1 hereto. Little, however, nevertheless claims that MMNA improperly swayed the Court into making such a determination by raising his past complaints of racism. See Little's March 15, 2007 Motion to Reconsider Modification of Record on Appeal at 1-2.

It certainly was not MMNA's intent to sway the Court into making any credibility determination nor was any such determination made, as reflected by the Court's February 2, 2007 Opinion And Order. See generally Feb. 2, 2007 Opinion And Order, Ex. 1 hereto. Rather, MMNA addressed in the statement of facts it provided with is moving papers on summary judgment a recitation of Little's many complaints during his tenure at MMNA and MMNA's disposition of those complaints in order to address several of the claims being made by Little at the time, namely the claims for harassment and hostile work environment. See MMNA's Feb. 24, 2006 Motion For Summary Judgment On The Claims Of Larry Little at 8-17. Contrary to Little's assertion, however, MMNA did not provide that information in order to portray Little in a negative light. See Little's March 15, 2007 Motion To Reconsider Modification Of Record On Appeal at 1-2. Instead, those complaints were addressed in order to establish the defense

9

accorded MMNA under the Supreme Court's decisions in Burlington v. Ellerth, 524 U.S. 742 (1998), and Faragher v. City of Boca Raton, 524 U.S. 775 (1998), on Little's then-existing claims of harassment and hostile environment. See MMNA's Feb. 24, 2006 Motion For Summary Judgment On The Claims Of Larry Little at 54-57; see also Little's Amended Complaint At Law And Equity And Demand For Jury Trial at 2-3 (making claims of harassment and hostile work environment).

We nevertheless apologize to the Court for not being clearer as to the relevance of Little's prior complaints vis-à-vis the claims he had asserted against MMNA. Our purpose was simply to address the harassment and hostile environment claims. Because Little later abandoned his harassment and hostile environment claims during the summary judgment process, those claims were not a focus of MMNA's reply memorandum. See Little's Sept. 26, 2006 Opposition to Motion for Summary Judgment at passim. But we obviously could have made the point more clearly and again apologize for any inconvenience to the Court.

### 4.    Little's March 16, 2007 Motion For Modification

Little has likewise not shown that the Court made any error resulting in the exclusion of MMNA 16624 from the record. See Fed. R. App. P. 10(e). In fact, Little expressly states that this document was excluded due to the ineffective assistance of his counsel. See Little's March 16, 2007 Motion For Modification Of Record On Appeal at 1. Little, however, is required to show that an error or mistake caused the document or documents to be excluded from or misstated in the record. See Fed. R. App. P. 10(e). Since this document was not excluded from the record by error or mistake, there is no basis for modifying the record to include it. See, e.g., Henn, 819 F. 2d at 831.

10

## CONCLUSION

For the reasons stated above, MMNA respectfully requests that this Court deny both Little's March 15, 2007 Motion To Reconsider Modification Of Record On Appeal and Little's March 16, 2007 Motion For Modification Of Record On Appeal. MMNA further requests any other relief this Court deems appropriate.

Dated: April 2, 2007

Respectfully submitted,

s/ Mark S. Mester
One of the Attorneys for Defendant
Mitsubishi Motors North America, Inc.

Mark S. Mester
LATHAM & WATKINS LLP
233 South Wacker Drive
Suite 5800 Sears Tower
Chicago, Illinois 60606
Telephone: (312) 876-7700
Facsimile: (312) 993-9767
E-mail: mark.mester@lw.com

Marguerite M. Sullivan
LATHAM & WATKINS LLP
555 Eleventh Street, N.W., Suite 1000
Washington, D.C. 20004
Telephone: (202) 637-2200
Facsimile: (202) 637-2201
E-mail: marguerite.sullivan@lw.com

**CERTIFICATE OF SERVICE**

I, Mark S. Mester, hereby certify that I caused a copy of the foregoing COMBINED MEMORANDUM IN OPPOSITION TO LITTLE'S TWO PENDING MOTIONS WITH RESPECT TO MODIFICATION OF THE RECORD ON APPEAL to be served through the Court's electronic filing system upon:

>Larry L. Little
>102 Notre Dame Avenue
>Joliet, Illinois 60436
>Telephone: (815) 725-7626
>E-mail: llittle102@comcast.net

on this 2nd day of April, 2007.

>s/ Mark S. Mester
>Mark S. Mester
>LATHAM & WATKINS LLP
>233 South Wacker Drive, Suite 5800
>Chicago, Illinois 60606
>Telephone: (312) 876-7700
>Facsimile: (312) 993-9767
>E-mail: mark.mester@lw.com