E-FILED
Tuesday, 10 April, 2007   04:22:50 PM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION**

| | |
|---|---|
| **LARRY LITTLE,** ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 04-1034 |
| ) | |
| **MITSUBISHI MOTORS NORTH** ) | Judge Joe Billy McDade |
| **AMERICA, INC.,** ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM IN OPPOSITION TO
PLAINTIFF'S MARCH 26, 2007 MOTION FOR
MODIFICATION OF THE RECORD ON APPEAL**

Defendant Mitsubishi Motors North America, Inc. ("MMNA") submits the following memorandum in opposition to the March 26, 2007 Motion For Modification Of Record On Appeal filed by Plaintiff Larry Little ("Little"):

## I.   INTRODUCTION

On March 26, 2007, Little moved again for a modification of the record on appeal. Specifically, Little now seeks to include yet another document in the record on appeal, namely Document No. 00308.

This is Little's third such motion in less than three weeks. Like his previous two attempts, however, Little's most recent motion is without basis in either the Federal Rules of Appellate Procedure or the case law decided thereunder. <u>First</u>, this motion is another attempt by Little to misuse Rule 10(e) of the Federal Rules of Appellate Procedure in order to add evidence to the appellate record that was <u>never</u> presented to this Court. The record on appeal should, of course, convey to the appellate court, in an accurate fashion, the proceedings in the trial court. The purpose of Rule 10(e) is, in turn, to ensure that this occurs and to provide a mechanism for supplementing the record with documents that were omitted through error or mistake. Rule

10(e), however, does not allow a party to introduce evidence that was not presented to the trial court.

Second, Little fails to provide any facts or evidence that this Court erred in any way in not including Document No. 00308 in the record, which is a requirement of Rule 10(e). In fact, Little admits in his motion that this document was not presented to the trial court, meaning by definition that it has no place in the record on appeal. While Little alleges that his counsel erred by not submitting Document No. 00308 to this Court, a claim of ineffective assistance of counsel does not allow a party to supplement the record on appeal.

In sum, Little's motion again provides no legitimate reason why Document No. 00308 should be added to the record. Therefore, MMNA respectfully requests that the Court deny Little's March 26, 2007 Motion For Modification Of Record On Appeal. MMNA further requests that Little be directed to refrain from filing any further motions to modify the record on appeal that do not fully comply with Federal Rule of Appellate Procedure 10(e).

## II.   ARGUMENT

### A.   Little Cannot Modify The Record On Appeal With Documents That Were Not Introduced To The Trial Court

Little should not be permitted to add to the appellate record a document that was never made part of the record before this Court. See, e.g., United States v. Hillsberg, 812 F.2d 328, 336 (7th Cir. 1987) (quoting Borden Inc. v. Federal Trade Comm'n, 495 F.2d 785, 788 (7th Cir. 1974)) ("Rule 10(e) does not give this court authority to admit on appeal any document which was not made a part of the record in the district court."); see also, e.g., Henn v. National Geographic Soc., 819 F.2d 824, 831 (7th Cir. 1987) ("The parties may rely on appeal only on materials furnished to the district judge. Otherwise they deprive the opposing party of an opportunity to comment on them and the district judge of an opportunity to evaluate their significance.").

2

Document No. 00308 was not presented to this Court. Little admits as much in his motion, stating that "[t]his document should have been presented by plaintiff's counsel" because it purportedly supports Little's Material Fact No. 31. See Little's March 26, 2007 Motion For Modification Of Record On Appeal at 1. Rule 10(e), however, does not allow for supplementation of the record with additional documentation simply because a party would like to augment his theories on appeal. See, e.g., United States v. Elizalde-Adame, 262 F.3d 637, 640-641 (7th Cir. 2001) (holding that the court could not consider the defendant's arguments that relied on evidence that was not submitted to the district court).

Allowing a party to supplement the record on appeal with documents not presented to the trial court would "enable the losing party to add new material to the record in order to collaterally attack the trial court's judgment," which is inappropriate. See Elizalde-Adame, 262 F.3d at 641; see also Hillsberg, 812 F.2d at 336 ("The purpose of Rule 10(e) is to ensure that the court on appeal has a complete record of the proceedings leading to the ruling appealed from, not to facilitate collateral attacks on the verdict."). Since Document No. 00308 was not a part of the record before this Court, it should not be made part of the record on appeal. See, e.g., Henn, 819 F.2d at 831.

### B.  Little's Motion Does Not Begin To Identify Any Error Made By This Court

Federal Rule of Appellate Procedure 10(e) allows for the correction or modification of the appellate record if material information "is omitted from or misstated in the record by error or accident." See Fed. R. App. P. 10(e). Little's latest motion, however, again fails to state how this Court erred in not including Document No. 00308 in the record. See Little's March 26, 2007 Motion For Modification Of Record On Appeal. Instead, Little points to an error of his trial counsel: "[Document No. 00308] should have been presented by plaintiff's counsel who was experiencing emotional and physical distress at the time." See id. at 1.

As noted above, an allegation of ineffective assistance from trial counsel does not provide a party with a basis for modifying the record on appeal.  See, e.g., Xiao v. Continuum Health Partners, Inc., 54 Fed. R. Serv. 3d (Callaghan) 1050 at pages 6-8 (S.D. N.Y. 2002) (holding that a *pro se* plaintiff could not modify the appellate record because his trial counsel failed to include what the appellant considered critical evidence).  Indeed, the Seventh Circuit has repeatedly noted the "well-established principle of law that there is, in general, no constitutional or statutory right to effective assistance of counsel in civil cases."  See Cooper v. Murphysboro Bd. of Educ., 6 Fed. Appx. 438, 441 (7th Cir. 2001) (internal citations and quotations omitted).

Further, a litigant who "independently chooses his counsel is bound by that counsel's acts."  See Daniels v. Brennan, 887 F.2d 783, 788 (7th Cir. 1989) (noting that the plaintiff could not avoid the consequences of his attorney's decisions simply by claiming his attorney was ineffective).  Therefore, Little is bound by his attorney's decision to not include Document No. 00308 in the record, and Rule 10(e) most certainly does not provide Little with a method of second-guessing, after the entry of judgment, decisions made by his counsel with respect to which documents to introduce during the case and in response to MMNA's summary judgment motion.  See Fed. R. App. P. 10(e).  Since the instant document was not excluded from the record by error or mistake, there is no basis for modifying the record to include it.  See, e.g., Henn, 819 F.2d at 831.[1]

---

[1]  In his earlier motion to modify the record on appeal, Little represented to the Court that "there is not a foreseeable need for any additional document requests to the record on appeal." See Little's March 16, 2007 Motion For Modification Of Record On Appeal at 2.  Regrettably, Little changed course less than two weeks later, filing the present motion to modify, which is the third such motion Little has now filed in this case.  See Little's March 7, 2007 Motion For Modification Of Record On Appeal; Little's March 16, 2007 Motion For Modification Of Record On Appeal; Little's March 26, 2007 Motion For Modification Of Record On Appeal.

### III. CONCLUSION

For the reasons stated above, MMNA respectfully requests that this Court deny Little's March 26, 2007 Motion For Modification Of Record On Appeal. MMNA further requests any other relief this Court deems appropriate, including its fees and costs in preparing this memorandum.

Dated: April 10, 2007                                  Respectfully submitted,

                                                       s/ Mark S. Mester
                                                       One of the Attorneys for Defendant
                                                       Mitsubishi Motors North America, Inc.

Mark S. Mester
LATHAM & WATKINS LLP
233 South Wacker Drive
Suite 5800 Sears Tower
Chicago, Illinois 60606
Telephone: (312) 876-7700
Facsimile: (312) 993-9767
E-mail: mark.mester@lw.com

Marguerite M. Sullivan
LATHAM & WATKINS LLP
555 Eleventh Street, N.W., Suite 1000
Washington, D.C. 20004
Telephone: (202) 637-2200
Facsimile: (202) 637-2201
E-mail: marguerite.sullivan@lw.com

## **CERTIFICATE OF SERVICE**

      I, Mark S. Mester, hereby certify that I caused a copy of the foregoing MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MARCH 26, 2007 MOTION FOR MODIFICATION OF THE RECORD ON APPEAL to be served through the Court's electronic filing system upon:

> Larry L. Little
> 102 Notre Dame Avenue
> Joliet, Illinois 60436
> Telephone: (815) 725-7626
> E-mail: llittle102@comcast.net

on this 10th day of April, 2007.

> s/ Mark S. Mester
> Mark S. Mester
> LATHAM & WATKINS LLP
> 233 South Wacker Drive, Suite 5800
> Chicago, Illinois 60606
> Telephone: (312) 876-7700
> Facsimile: (312) 993-9767
> E-mail: mark.mester@lw.com