**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION**

```
LARRY LITTLE,                    )
                                 )
     Plaintiff,                  )
                                 )
v.                               )    No. 04-1034
                                 )
MITSUBISHI MOTOR                 )
MANUFACTURING OF AMERICA,        )
Inc.,                            )
                                 )
                                 )
     Defendant.                  )
```

**OPINION AND ORDER**

Before the Court is Plaintiff's Motion to Reconsider (Doc. 138) in which Plaintiff asks this Court to reconsider its Order (Doc. 137) denying Plaintiff's first Motion for Modification of Record on Appeal (Doc. 136). Plaintiff has since filed three additional Motions for Modification of Record on Appeal. (Doc 139; Doc. 144; Doc. 148.)

Also before the Court is Defendant's Motion to Assess Costs (Doc. 125) and accompanying Memorandum (Doc. 126). Defendant has filed a Bill of Costs in which Defendant requests $16,978.86 in costs for defending the underlying suit. (Doc. 127.) Plaintiff originally asked that his Objection to the Bill of Costs (Doc. 142) be filed under seal. Plaintiff has now filed a Motion to Withdraw the Order placing his Objection to the Bill of Costs under seal. (Doc. 141.) Lastly, Plaintiff has filed a

Motion to File (Doc. 145) in which Plaintiff does not ask for any relief but simply informs the Court that he will not be requesting a transcript.  This last Motion is MOOT.  For the following reasons, the rest of Plaintiff's Motions are DENIED and Defendant's Bill of Costs is GRANTED.

## BACKGROUND

Plaintiff's underlying case was an employment discrimination suit brought against Mitsubishi Motors Manufacturing of America (MMNA).  MMNA brought a Motion for Summary Judgment in the underlying suit and this Court granted the Motion on Summary Judgment on February 2, 2006.  After the Defendant filed a Bill of Costs it became apparent that Plaintiff wished to proceed without the benefit of counsel.  On March 5, 2007, this Court held a telephonic conference to ensure that Plaintiff wished to proceed pro se. At the hearing, Plaintiff was adamant about his wish to proceed pro se. Accordingly, the Court granted Plaintiff's Counsel's Motion to Withdraw.  Now, Plaintiff has filed numerous Motions seeking to modify the record for appeal and has filed his objection to the bill of cost without the benefit of counsel.

## ANALYSIS

1. Modification of the Record

Plaintiff has four motions seeking to modify the record on appeal under Fed.R.App.Pro. 10(e)(2).  Rule 10(e)(2) allows a

district court to correct a record, "if anything material to either party is omitted from or misstated in the record by error or accident…." Our Appellate Court has held that "[t]he purpose of Rule 10(e) is to ensure that the court on appeal has a complete record of the proceedings leading to the ruling appealed from, not to facilitate collateral attacks on the verdict." United States v. Hillsberg, 812 F.2d 328, 336 (7th Cir. 1987). Furthermore, Rule 10(e) does not allow for the admission of any document which was not made a part of the record in the district court. Shasteen v. Saver, 252 F.3d 929 (7th Cir. 2001). Lastly, a district court is correct in denying a motion under Rule 10(e) when an appellant simply wishes to add further support for his theories on appeal by adding material which was not before the district court when the district court reached its substantive ruling. United States v. Elizalde-Adame, 262 F.3d 637 (7th Cir. 2001). The job of an appellate court is to evaluate the soundness of the trial court's decision based on the evidence that was considered by the trial court. Id. at 641. An accurate record of the evidence that was before the trial court, and only the evidence which was before the trial court, is critical to enable the appellate court to make this evaluation. Id.

Plaintiff now presents numerous documents in his multiple motions which he feels the Court should have considered when

3

ruling on the Motion for Summary Judgment. Plaintiff then points to numerous reasons why he disagrees with the conclusions reached by this Court. He also charges that his counsel was ineffective for failing to include the Response to the Motion for Summary Judgment. However, at no point does Plaintiff point to any piece of evidence which was considered or relied upon by this Court, but which is not part of the record. In fact, Plaintiff acknowledges that the numerous pieces of evidence which he wishes to submit were not part of the record when this Court ruled on the Motion for Summary Judgment. (Doc. 138 at 3; Doc. 139 at 1; Doc. 144 at 1; Doc. 148 at 1.) Accordingly, this Court can not now modify the record on appeal to include supplemental material which was never presented to this Court.

Since Plaintiff has not pointed to any error in record keeping or other error from mistakenly relying upon a document which was not in the record, Plaintiff's numerous motions seeking to supplement the record on appeal are denied.

## 2. Bill of Costs

Pursuant to Federal Rule of Civil Procedure 54(d)(1), "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs...." Consistent with this directive, "the prevailing party is *prima facie* entitled to costs and it is incumbent on the losing party to overcome the presumption." McGill v. Faulkner, 18 F.3d 456,

4

459 (7th Cir. 1994) (emphasis added) (citations omitted).  This "presumption [favoring the award of costs] is difficult to overcome, and the district court's discretion is narrowly confined--the court must award costs unless it states good reasons for denying them."  Weeks v. Samsung Heavy Indust. Co. Ltd., 126 F.3d 926, 945 (7th Cir. 1997).

Generally, only two reasons justify denying costs: (1) misconduct by the prevailing party worthy of penalty, or (2) the losing party's inability to pay. Id.  In the case at bar, Plaintiff makes neither of these arguments.  Instead, Plaintiff argues that he should only be assessed a total of $1,299.18 in Costs.

Thus, we turn to the question of what costs are recoverable.  Under 28 U.S.C. § 1920, certain enumerated costs may be covered by a prevailing party: (1) fees of the clerk and marshal; (2) fees of the court reporter for all and any part of the stenographic transcript necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and copies of papers necessarily obtained for use in the case; (5) docket fees under 28 U.S.C. 1923; and (6) compensation of Court-appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under 28 U.S.C. § 1828.  Provided that they fall within one of these statutory

categories, costs are recoverable if they are both reasonable and necessary to the litigation. Cefalu v. Village of Elk Grove, 211 F.3d 416, 427 (7th Cir. 2000). Costs that are incurred merely for the convenience of the prevailing party may not be recovered. Barber v. Ruth, 7 F.3d 636, 645 (7th Cir. 1993).

Plaintiff first argues that the costs of the depositions should be reduced because the depositions where taken at the "instance" of Plaintiff and a non-certified copy from Plaintiff would have sufficed for this proceeding. Furthermore, Plaintiff argues that costs should be denied because numerous depositions, including his own, were not used at the summary judgment stage and some material was never presented to the Court because judgment was entered before trial. None of these arguments have merit.

Recovery of costs for deposition transcripts is authorized by § 1920(2), which permits an award of costs for transcripts "necessarily obtained for use in the case." The "transcripts need not be absolutely indispensable in order to provide the basis of an award of costs; it is enough that they are 'reasonably necessary.'" Barber, 7 F.3d at 645 (quoting State of Illinois v. Sangamo Constr. Co., 657 F.2d 855, 867 (7th Cir. 1981)). Further, "the determination of necessity must be made in light of the facts known at the time of the deposition,

6

without regard to intervening developments that later render the deposition unneeded...." Hudson v. Nabisco Brands, Inc., 758 F.2d 1237, 1243 (7th Cir.1985) (overruled on other grounds Provident Bank v.. Manor Steel Corp., 882 F.2d 258 (7th Cir.1989)).

In this case, the Depositions taken by Defendant were reasonably necessary at the time they were taken. Defendant would not have been entitled to additional discovery had summary judgment been denied. Thus, Defendant was required to proceed through discovery on the assumption that this case would proceed to trial. Furthermore, this was an employment discrimination case in which Plaintiff sought to bring a claim alleging that he was treated less favorably than similarly situated individuals. Thus, it was necessary for extensive discovery on other individuals who could have been similarly situated. While the case did not proceed to trial, Defendant would have been foolhardy to only incur those costs which were necessary to prepare for summary judgment since the case could have proceeded further and no additional discovery would have been allowed. Accordingly, it was reasonable necessary for Defendant to acquire certified transcripts and take the depositions of the various witnesses and parties in this case even though they were never used at trial or presented to the Court.

Plaintiff next argues that the duplications costs should be denied.  § 1920(4) provides for the "[f]ees for exemplification and copies of papers necessarily obtained for use in the case."  It is true that while a party may recover costs of copies provided to the Court and opposing counsel, it cannot recover for its own use.  <u>Sharp v. United Airlines</u>, 197 F.R.D. 361, 362 (N.D.Ill. 2000).  However, MMNA notes in their Bill of Costs that additional copies of documents were made by MMNA's counsel for their own convenience, and the copies are reflected on the attached invoices.  However, MMNA seeks to recover costs for the duplication of only two copies of each pleading – one copy for Plaintiff and one copy to be filed with the Court.  (Doc. 127 at 4.)  Furthermore, "MMNA is seeking to recover costs only for the cost of copying one set of the 26,028 documents MMNA produced in response to Plaintiff's document requests."  (Doc. 127 at 5.)  Accordingly, Defendant is only seeking to recover those costs for copies which are recoverable and not for copies which were made for the convenience of their counsel.  As a result, Defendant is entitled to the full costs of document reproduction requested in this case.

Plaintiff further argues that the following costs are more akin to attorney's fees and are allegedly "not recoverable": (1) the costs of computerized research, (2) delivery costs, (3) telephone costs, and (4) witness fees.

However, none of these arguments have merit. The Seventh Circuit has held that "computerized legal research… [is] properly recoverable by a prevailing party" under § 1920.  <u>Burda v. M. Ecker Co.</u>, 2 F.3d 769 at 778 (7th Cir. 1993). Likewise, "postage, telephone, and delivery charges… are properly recoverable by a prevailing party."  <u>Burda</u>, 2 F.3d at 778; <u>see also</u> <u>Cary v. Cha</u>, No. 87 C. 6998, 1991 WL 274443 at *5 (N.D.Ill. Dec. 13, 1991).  Lastly, § 1920(3) provides for "fees and disbursements for printing and witnesses." Accordingly, witness fees as well as the costs of computerized research, delivery costs, and telephone costs are all recoverable under § 1920.

Plaintiff's only argument with merit is that Defendant miscalculated the total cost for his deposition. (Doc. 142 at 4.)  According to Plaintiff, the actual cost of his deposition and the deposition of Karen Harris was $3,655.22 instead of 3,735.20 (which was the amount reached by the Defendant).  The Court, in reaching the total cost, has relied upon the affidavit of Attorney Neckers (Doc. 127 Ex. 2) and the totals that he reached.  However, some of the invoices provided to the Court and attached to the affidavit are illegible and can not be checked by the Court.  (Doc. 127 at Ex. 5.)  Accordingly, out of an abundance of caution, the Court will assume that Mr. Little's calculations are correct and reduce the total cost by $79.98.

In addition, the Court notes that the Defendant miscalculated their "other costs" by $100. $438.25 in telephone costs, $1668.80 in postage, facsimile, and delivery costs, and $3,024.69 for computerized research adds up to $5,131.74 (not $5,231.74). Accordingly, Defendant's requested amount is reduced by a total of $179.98 and Defendant is entitled to $16,798.88 in costs.

### 3. Remaining Issues

Plaintiff has also filed two Motions to Withdraw (Doc. 141, Doc. 143). In the first, Plaintiff wishes to withdraw his previous request to file his Objection to the Bill of Costs under seal. Plaintiff's previous request has already been granted and thus can not be "withdrawn".

In the second "Motion to Withdraw," Plaintiff states that he "needs the appellant record in order to provide necessary citations for his appellate brief." Copies of the record are available in the clerk's office for $.50 per page. Otherwise, the Court maintains possession of the record at all times. Accordingly, both of these Motions are MOOT.

### CONCLUSION

IT IS THEREFORE ORDERED that Plaintiff's Motion to Reconsider and his multiple Motions to Modify the Record on Appeal (Doc. 138, 139, 144, 148) are DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motions to Withdraw (Doc. 141 and 143) as well as Plaintiff's Motion for Leave to File (Doc. 145) are MOOT.

Lastly, IT IS ORDERED that Defendant's Motion to Assess Costs (Doc. 125) is GRANTED IN PART.  The Clerk is directed to amend the judgment to reflect the fact that costs are assessed against the Plaintiff, Larry Little, in the amount of $16,798.88.

ENTERED this  26th  day of April, 2007.

                                      s/Joe Billy McDade
                                       Joe Billy McDade
                              United States District Judge