E-FILED
Friday, 22 February, 2008  11:50:27 AM
Clerk, U.S. District Court, ILCD

# United States Court of Appeals

### For the Seventh Circuit

### Chicago, Illinois 60604

#### JUDGMENT- WITHOUT ORAL ARGUMENT

Date: January 30, 2008

BEFORE:          Honorable KENNETH F. RIPPLE, Circuit Judge

                 Honorable DANIEL A. MANION, Circuit Judge

                 Honorable DIANE P. WOOD, Circuit Judge

No. 07-1479

LARRY LITTLE,
                    Plaintiff - Appellant

    v.

MITSUBISHI MOTOR MANUFACTURING OF AMERICA, INCORPORATED,
              Defendant - Appellee

Appeal from the United States District Court for the
Central District of Illinois
No. 04 C 1034, Joe Billy McDade, Judge

        The judgment of the District Court is AFFIRMED, with costs,
     in accordance with the decision of this court entered on this date.

(1060-110393)

<div style="border">

**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

</div>

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted December 19, 2007[*]
Decided January 30, 2008

**Before**

Hon. KENNETH F. RIPPLE, *Circuit Judge*

Hon. DANIEL A. MANION, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

No. 07-1479

| | |
|---|---|
| LARRY L. LITTLE,<br>    *Plaintiff-Appellant,*<br><br>    *v.*<br><br>MITSUBISHI MOTORS NORTH<br>AMERICA, INC.,<br>    *Defendant-Appellee.* | Appeal from the United States<br>District Court for the Central District<br>of Illinois.<br><br>No. 04 C 1034<br><br>Joe Billy McDade,<br>*Judge.* |

# O R D E R

Larry Little, an African American, sued his former employer, Mitsubishi Motors North America, Inc., alleging that it discriminated against him on the basis of his race when it laid him off as part of a reduction in force ("RIF"). The district court granted summary judgment to Mitsubishi, and Mr. Little appeals. We affirm.

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeals are submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2).

Except as noted, the facts are undisputed. Mr. Little was hired by Mitsubishi in November 2000 as a group leader in the Final Manufacturing department of Mitsubishi's facility in Normal, Illinois. In 2004, Mitsubishi made a business decision to reduce its workforce to offset poor sales and reduced profits. Approximately 19% of the non-union workforce (92 employees) at the Normal facility were laid off in the RIF. To select which employees would be laid off, Mitsubishi used an evaluation procedure whereby managers rated every employee subject to the RIF in five weighted categories: universal competencies (40%), job-specific competencies (40%), performance history (5%), relevant work experience (10%), and education (5%). A "total retention score" was calculated based on the weighted factors. Mitsubishi laid off the employees with the lowest total retention scores in a given job. Mr. Little received the lowest total retention score among the 33 group leaders in the Final Manufacturing department and was laid off.

Mr. Little sued Mitsubishi for race discrimination that allegedly occurred both during his employment and when he was laid off as part of the RIF. After discovery, Mitsubishi moved for summary judgment, which the district court granted. Mr. Little timely appealed.[1]

We review a district court's grant of summary judgment de novo. *Salas v. Wis. Dep't of Corr.*, 493 F.3d 913, 921 (7th Cir. 2007). Mr. Little submits that the district court improperly granted summary judgment when it (1) ignored a genuine issue of material fact about whether the RIF was pretextual; (2) erroneously concluded that he abandoned his claims of harassment, retaliation and discrimination that occurred during his employment; and (3) improperly determined that he was not credible. We address each argument in turn.

Mr. Little first contends that the district court erroneously concluded that he failed to demonstrate that Mitsubishi's proffered reason for laying him off was pretextual. *See McDonnell-Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973); *Forrester v. Rauland-Borg Corp.*, 453 F.3d 416, 417 (7th Cir. 2006). To avoid summary judgment Mr. Little must show that Mitsubishi's proffered reason—that he was laid off because his total retention score was the lowest of all group leaders in his department—is a lie. *Johnson v. Nordstrom, Inc.*, 260 F.3d 727, 732 (7th Cir. 2001). Mitsubishi may be "mistaken, cruel, unethical, out of [its] head or downright irrational," but so long as it really believed that Mr. Little legitimately earned the lowest retention

---

[1] Mr. Little also appeals from an order awarding costs. That judgment is affirmed in a separate published opinion also issued today.

score, its reason for laying him off was not pretextual. *Griffin v. Sisters of Saint Francis, Inc.*, 489 F.3d 838, 845 (7th Cir. 2007) (citation omitted).

The only way Mr. Little attempts to prove pretext is by showing that two white group leaders in the same department with poorer performance histories received higher total retention scores than he did. However, Mr. Little does not dispute that performance history was worth only 5% of the total retention score, nor does he offer any evidence showing that the percentage given to that category was discriminatory. Mr. Little furthermore does not dispute that he received lower scores than the two white group leaders in the more heavily weighted categories. Thus, Mr. Little's evidence falls far short of the threshold necessary to raise an inference that Mitsubishi did not honestly believe that Mr. Little's total retention score was genuinely the lowest among all group leaders in his department.

Mr. Little next submits that the district court improperly concluded that he abandoned his claims attacking Mitsubishi's treatment of him during his employment. In addition to his claim regarding the RIF, Mr. Little's complaint alleged discrimination, retaliation and harassment that allegedly occurred during his employment. Mitsubishi sought summary judgment on all of Mr. Little's claims. Although Mr. Little had the burden to demonstrate that a genuine issue of fact existed as to each of them, *see* Fed. R. Civ. P. 56(e)(2), he failed to present facts or develop any legal arguments on these issues; his response to Mitsubishi's motion focused exclusively on his RIF claim. Thus, as the district court correctly recognized, Mr. Little abandoned his claims regarding discrimination, harassment and retaliation that occurred during his employment. *See Hicks v. Midwest Transit, Inc.*, 500 F.3d 647, 653-54 (7th Cir. 2007).

Finally, Mr. Little suggests that the district court made an adverse credibility determination at the summary judgment stage when it mentioned Mr. Little's history of filing discrimination complaints. If the district court did make a credibility finding, that, of course, would be improper. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Washington v. Haupert*, 481 F.3d 543, 550 (7th Cir. 2007). However, the district court expressly stated that it was *not* making any credibility determination and chastised Mitsubishi for attempting "to sway this Court's judgment" by mentioning the "unnecessary and immaterial" facts regarding Mr. Little's prior complaints. R.120 at 8 n.4. Thus, we take the district court at its word that it made no credibility determination.

AFFIRMED

# United States Court of Appeals

### For the Seventh Circuit

### Chicago, Illinois 60604

#### NOTICE OF ISSUANCE OF MANDATE



DATE:    February 21, 2008

TO:      Pamela E. Robinson
         United States District Court
         Central District of Illinois
         Room 309
         100 N.E. Monroe Street
         Peoria, IL  61602
         USA


FROM:    Clerk of the Court

RE:      07-1479
         Little, Larry L. v. Mitsubishi Motor
         04 C 1034, Joe Billy McDade, Judge

         Herewith is the mandate of this court in this appeal, along
         with the Bill of Costs, if any.  A certified copy of the
         opinion/order of the court and judgment, if any, and any
         direction as to costs shall constitute the mandate.

         [ ] No record filed
         [X] Original record on appeal consisting of:
ENCLOSED:                                TO BE RETURNED AT LATER DATE:
         [4]      Volumes of pleadings            [ ]
         [1]      Volumes of loose pleadings      [ ]
         [ ]      Volumes of transcripts          [ ]
         [ ]      Volumes of exhibits             [ ]
         [ ]      Volumes of depositions          [ ]
         [2]      In Camera material              [ ]
         [ ]      Other_____ [ ]

                  Record being retained for use   [ ]
                  in Appeal No. _____

         Copies of this notice sent to:          Counsel of record
         [ ]      United States Marshal
         [ ]      United States Probation Office
NOTE TO COUNSEL:
         If any physical and large documentary exhibits have been filed in
         the above-entitled cause, they are to be withdrawn ten days from the
         date of this notice.  Exhibits not withdrawn during this period will
         be disposed of.

         Please acknowledge receipt of these documents on the enclosed copy
         of this notice.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
         Received above mandate and record, if any, from the Clerk, U.S.
         Court of Appeals for the Seventh Circuit.

Date: _____    _____