# United States Court of Appeals

For the Seventh Circuit

Chicago, Illinois 60604

E-FILED
Friday, 29 February, 2008  12:35:34 PM
Clerk, U.S. District Court, ILCD

JUDGMENT- WITHOUT ORAL ARGUMENT

Date: January 30, 2008

BEFORE:       Honorable KENNETH F. RIPPLE, Circuit Judge

              Honorable DANIEL A. MANION, Circuit Judge

              Honorable DIANE P. WOOD, Circuit Judge

No. 07-2392

LARRY LITTLE,
             Plaintiff - Appellant
   v.

MITSUBISHI MOTOR MANUFACTURING OF AMERICA, INCORPORATED
             Defendant - Appellee


Appeal from the United States District Court for the
Central District of Illinois
No. 04 C 1034, Joe Billy McDade, Judge


     The judgment of the District Court is AFFIRMED, with costs,
in accordance with the decision of this court entered on this date.


(1060-110393)

# United States Court of Appeals

For the Seventh Circuit

Chicago, Illinois 60604

**NOTICE OF ISSUANCE OF MANDATE**

DATE:   February 21, 2008

TO:     Pamela E. Robinson
        United States District Court
        Central District of Illinois
        Room 309
        100 N.E. Monroe Street
        Peoria, IL  61602
        USA


FROM:   Clerk of the Court

RE:     07-2392
        Little, Larry v. Mitsubishi Motor
        04 C 1034, Joe Billy McDade, Judge

        Herewith is the mandate of this court in this appeal, along
        with the Bill of Costs, if any.  A certified copy of the
        opinion/order of the court and judgment, if any, and any
        direction as to costs shall constitute the mandate.

        [X] No record filed
        [ ] Original record on appeal consisting of:
**ENCLOSED:**                                          **TO BE RETURNED AT LATER DATE:**
        [ ]     Volumes of pleadings                   [ ]
        [ ]     Volumes of loose pleadings             [ ]
        [ ]     Volumes of transcripts                 [ ]
        [ ]     Volumes of exhibits                    [ ]
        [ ]     Volumes of depositions                 [ ]
        [ ]     In Camera material                     [ ]
        [ ]     Other_____ [ ]

                Record being retained for use          [ ]
                in Appeal No. _____

        Copies of this notice sent to:         Counsel of record
        [ ]     United States Marshal
        [ ]     United States Probation Office
**NOTE TO COUNSEL:**
        If any physical and large documentary exhibits have been filed in
        the above-entitled cause, they are to be withdrawn ten days from the
        date of this notice.  Exhibits not withdrawn during this period will
        be disposed of.

        Please acknowledge receipt of these documents on the enclosed copy
        of this notice.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
        Received above mandate and record, if any, from the Clerk, U.S.
        Court of Appeals for the Seventh Circuit.
Date:   _____        _____

CERTIFIED COPY

# In the
# United States Court of Appeals
## For the Seventh Circuit

No. 07-2392

LARRY L. LITTLE,

*Plaintiff-Appellant,*

v.

MITSUBISHI MOTORS NORTH
AMERICA, INC.,

*Defendant-Appellee.*

Appeal from the United States District Court
for the Central District of Illinois.
No. 04 C 1034—**Joe Billy McDade,** *Judge.*

SUBMITTED DECEMBER 19, 2007[*]—DECIDED JANUARY 30, 2008

Before RIPPLE, MANION and WOOD, *Circuit Judges.*

PER CURIAM. Larry Little, an African American, sued his former employer, Mitsubishi Motors North America, Inc., alleging that it discriminated against him on the basis of race when it laid him off as part of a reduction in

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeals are submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

force. The district court granted summary judgment and awarded costs to Mitsubishi. Mr. Little appeals both judgments, but because only the appeal of the award of costs raises a novel issue, we limit this opinion to that appeal. We address Mr. Little's appeal from the grant of summary judgment on his underlying claim of discrimination in a separate nonprecedential order also issued today. For the reasons set forth in this opinion, we affirm the district court's judgment awarding costs to Mitsubishi.

I

BACKGROUND

The facts underlying Mr. Little's discrimination claim are set forth in our companion nonprecedential order and need not be repeated here. After the district court granted summary judgment to Mitsubishi, Mitsubishi moved under Federal Rule of Civil Procedure 54(d) for an award of costs and submitted a bill totaling $16,978.86. Mitsubishi sought costs for copies of papers, court reporter services, telephone charges, postage, delivery services and service of summonses and subpoenas. After overruling Mr. Little's objections to Mitsubishi's bill of costs, the district court granted the motion, awarding Mitsubishi all but $79.98 of the costs it sought. Mr. Little timely appealed, contending (1) except for telephone use, none of the costs awarded were authorized by statute; (2) costs for copying documents, telephone use and delivery services were unreasonable; and (3) costs of video-recording his deposition, copying documents and serving summonses and subpoenas were unnecessary.

No. 07-2392                                                            3

## II

## DISCUSSION

We review an award of costs for abuse of discretion. *Ogborn v. United Food & Commercial Workers Union, Local No. 881*, 305 F.3d 763, 767 (7th Cir. 2002). Federal Rule of Civil Procedure 54(d) provides that costs should be allowed as a matter of course to the prevailing party. *See* Fed. R. Civ. P. 54(d). Mr. Little maintains that the particular costs awarded to Mitsubishi are either not permitted as a matter of law or are so unreasonable or unnecessary as to constitute an abuse of discretion.

A district court may not tax a prevailing party's costs to the losing party under Rule 54(d) unless the specific expense is authorized by a federal statute. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987); *Republic Tobacco Co. v. N. Atl. Trading Co.*, 481 F.3d 442, 447 (7th Cir. 2007). Mr. Little contends that the award of costs for copies, computerized research, summonses, subpoenas, delivery services and a video-recorded deposition are not authorized by 28 U.S.C. § 1920. We disagree.

All of the above costs are authorized by § 1920. The only novel issue is whether § 1920 authorizes awarding costs for stenographically transcribing a video-recorded deposition. The first half of Mr. Little's contention, that § 1920 does not permit district courts to award costs for video-recorded depositions at all, is foreclosed by our prior decisions holding that such costs may be taxed. *See Barber v. Ruth*, 7 F.3d 636, 645 (7th Cir. 1993); *Commercial Credit Equip. Corp. v. Stamps*, 920 F.2d 1361, 1368 (7th Cir. 1990). The more subtle question raised by Mr. Little's pro se brief, whether the costs of both video-recording and stenographically transcribing the same deposition may be taxed

under the current rules, is a question of first impression in this circuit.

Prior to 1994, we held that a prevailing party could not be awarded costs for both the video-recording and stenographically transcribing a deposition. *See Barber*, 7 F.3d at 645; *Stamps*, 920 F.2d at 1369. These decisions were based on the pre-1993 version of Federal Rule of Civil Procedure 30(b)(4), which stated that, when a deposition was recorded by non-stenographic means, "a party may arrange to have a stenographic transcription made at the party's own expense." *See* Fed. R. Civ. P. 30(b)(4) (1993).[1] A 1993 amendment to Rule 30 deleted the phrase "at the party's own expense," and, although we have yet to interpret the 1993 amendment, two of our sister circuits have held that amended Rule 30(b)(2)-(3) now permits district courts to tax the costs of stenographically transcribing a video-recorded deposition. *See Tilton v. Capital Cities/ABC, Inc.*, 115 F.3d 1471, 1478 (10th Cir. 1997); *Morrison v. Reichhold Chems., Inc.*, 97 F.3d 460, 464-65 n.5 (11th Cir. 1996). We agree with our sister circuits' interpretation of amended Rule 30(b)(2)-(3) (now Rule 30(b)(3)) and hold that such costs may be taxed.

The text of the rule is the most reliable indicator of the intent of the rule-makers. *Cf. McMillan v. Collection Prof'ls, Inc.*, 455 F.3d 754, 762 (7th Cir. 2006). Here, the rule-makers have removed the provision that we previously inter-

---

[1] The relevant provision, originally found in Rule 30(b)(4), was moved to Rule 30(b)(2)-(3) by the 1993 amendments, and again to Rule 30(b)(3) by the 2007 amendments. The 2007 amendment, however, was "intended to be stylistic only," *see* Fed. R. Civ. P. 30 advisory committee's note; it therefore does not alter our analysis.

No. 07-2392                                                                 5

preted to bar an award of costs in this situation. Because the 1993 amendments removed the "operative language," see *Tilton*, 115 F.3d at 1478 n.4, we must conclude that the rule-makers intended to allow the costs of both video-recording and stenographic transcription to be taxed to the losing party. *Cf. Nalley v. Nalley*, 53 F.3d 649, 652 (4th Cir. 1995) ("When the wording of an amended statute differs in substance from the wording of the statute prior to amendment, we can only conclude that Congress intended the amended statute to have a different meaning.").

Section 1920 authorizes costs to be awarded for stenographic transcripts only if the transcript is "necessarily obtained for use in the case." 28 U.S.C. § 1920(2). We agree with the Tenth Circuit that most transcripts of video-recorded depositions will fall into this category. *See Tilton*, 115 F.3d at 1478. For example, Federal Rule of Civil Procedure 26(a)(3)(A)(ii) requires any party intending to use deposition testimony at trial to "provide to the other parties and promptly file" a transcript of the pertinent parts of the deposition if it was not recorded stenographically. Fed. R. Civ. P. 26(a)(3)(A)(ii). Similarly, Rule 32(c) provides that "a party must provide a transcript of any deposition testimony the party offers" at a hearing or trial. Fed. R. Civ. P. 32(c). In this case, Mitsubishi used Mr. Little's video-recorded deposition to support its motion for summary judgment, so the stenographic transcript of that deposition was necessarily obtained for use in the case.

Finally, in addition to being authorized by statute, a cost must be both reasonable and necessary to the litigation for a prevailing party to recover it. *Cengr v. Fusibond Piping Sys., Inc.*, 135 F.3d 445, 454 (7th Cir. 1998); *McIlveen v. Stone*

6                                                                No. 07-2392

*Container Corp.*, 910 F.2d 1581, 1582-83 (7th Cir. 1990). Mr. Little contends that Mitsubishi's cost of gathering other evidence it never submitted to the court was not necessary to the litigation. He also maintains that the costs assessed for copying, telephone use and delivery charges were unreasonable. We have reviewed the record and conclude that these contentions are meritless and require no further discussion.

## Conclusion

For the foregoing reasons, the judgment of the district court is affirmed.

AFFIRMED

A true Copy:

Teste:

Clerk of the United States Court of Appeals for the Seventh Circuit